UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *Plaintiff*, v. U.S. DEPARTMENT OF EDUCATION, *et al.*, *Defendants*. | No. 25-cv-1120 (DLF) |

## ORDER

Before the Court is NAACP's Motion for a Preliminary Injunction. Dkt. 13. As the Court stated orally during today's preliminary injunction hearing, Dkt. 30, the Court finds:

1. NAACP has not demonstrated a substantial likelihood of standing to challenge the Dear Colleague Letter, the FAQs, or the Certification (the Title VI Documents) under the First Amendment;

2. NAACP has demonstrated a substantial likelihood of standing to challenge the Title VI Documents under the APA, but has not shown a likelihood of success on the merits of its APA claim;

3. NAACP has not demonstrated a substantial likelihood of standing to challenge the Dear Colleague Letter and the FAQs under the Fifth Amendment, but has shown a substantial likelihood of standing to challenge the Certification under the Fifth Amendment;

4. NAACP has demonstrated a likelihood of success on the merits of its Fifth Amendment void for vagueness claim with regards to the Certification;

5. NAACP has demonstrated that it would be irreparably harmed absent a preliminary injunction and that the balance of the equities and the public interest tip in its favor.

Therefore, upon consideration of NAACP's Motion for a Preliminary Injunction, it is

**ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART**; it is further

**ORDERED** that pending a further order by the Court, the defendants, as well as their officers, employees, and agents, are **PRELIMINARILY ENJOINED** from implementing and enforcing the Certification. The Enjoined Defendants shall not require any entity or individual subject to the Certification to make any "certification" or other representation or assurance pursuant to the Certification. The Enjoined Defendants shall not impose any consequences on any entity or individual subject to the Certification for failing to submit a Certification. The Enjoined Defendants shall not initiate any enforcement action, including, but not limited to, a False Claims Act suit, against any entity or individual which has already submitted a Certification, arising out of any representation made or assurance given by such entity or individual in complying with the Certification. But this Order shall not preclude the Enjoined Defendants from initiating any enforcement action which they may otherwise lawfully pursue under Title VI of the Civil Rights Act and its implementing regulations; it is further

**ORDERED** that the Department of Education shall provide a copy of this Order to all entities and individuals subject to the Certification.

**SO ORDERED.**

April 24, 2025

*Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge